UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:11-CR-36-GFVT-HAI-9 |
| | ) | No. 6:13-CV-7308-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JOSH TERRY, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 13, 2013, Josh Terry, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 505. The United States filed a response on March 28, 2014. D.E. 554. Defendant filed a reply on April 21, 2014. D.E. 559. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommended disposition. After conducting an initial review, the Court held an evidentiary hearing on January 14, 2015. D.E. 596. For the reasons that follow, Defendant has failed to establish that he is entitled to relief pursuant to 28 U.S.C. § 2255. Therefore, the Court **RECOMMENDS** that his motion be **DENIED.** The Court further **RECOMMENDS** that no Certificate of Appealability be issued.

## I. BACKGROUND

On July 28, 2011, a federal grand jury returned a second superseding indictment as to Josh Terry, as well as his co-defendants Marvin Reed, Jason Todd Reed, Kristi Rae Davis, Thomas W. Little, Donald W. Terry, Elisha H. Alston, George Darden, Molik Ali Alston, Tony Gibson, Cameron Herald, Jesse Herald, Jimmy Miller, Phyllis Ann Reed, and John Wesley White. D.E. 79. The single count indictment alleged that Defendant conspired with his co-

1

defendants to "knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846." *Id*.  Per a notice filed pursuant to 21 U.S.C. § 851 (D.E. 279), Defendant faced an enhanced penalty of not more than 30 years imprisonment, a $2,000,000 fine, and at least 6 years supervised release. *See* 21 U.S.C. § 841(b)(1)(C).

The undersigned held Defendant's initial appearance and arraignment on January 23, 2012, and scheduled Defendant's trial for February 6, 2012.  D.E. 233.  At that time, the Court appointed Harold Kirtley II to represent Defendant pursuant to the Criminal Justice Act.  *Id*. Judge Van Tatenhove continued Defendant's trial once, ultimately scheduling it for April 16, 2012.  D.E. 238.  On March 30, 2012, Defendant, through counsel, filed a motion for rearraignment, and Judge Van Tatenhove held Defendant's rearraignment on July 12, 2012.  D.E. 343.  During this proceeding, Judge Van Tatenhove established that Defendant was competent, that he had reviewed and discussed the case with his attorney, that he was entering into the plea agreement voluntarily, and that he was satisfied with his attorney's representation of him.  D.E. 544 at 4-10.  Judge Van Tatenhove then had the Assistant United States Attorney explain the terms of the plea agreement, including the waiver provision, the statutory penalty enhancement, and the agreed upon (and binding) sentence of 188 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  *Id*. at 11-13.  Defendant confirmed that the prosecutor's description of the plea agreement was an accurate description of his agreement with the government.  *Id*. at 13.

Judge Van Tatenhove then further explained the plea agreement and its terms to Defendant.  Judge Van Tatenhove described the plea agreement as "unique" because it was a binding plea agreement, therefore if the Court chose to accept the plea agreement, Defendant's sentence would be 188 months.  *Id*. at 16.  Defendant acknowledged that he understood the

binding nature of the 188 month sentence and had no questions regarding sentencing in his case. *Id*. at 16, 19.  Judge Van Tatenhove further described the waiver contained in paragraph six of Defendant's plea agreement.  Paragraph six states that "Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution."  D.E. 435 at 3.  Judge Van Tatenhove explained to Defendant that, by agreeing to the plea agreement, he was waiving his right to have another court to review his case.  D.E. 544 at 20.  Defendant acknowledged that he was aware of this waiver, and the consequences of doing so.  *Id*.

Moreover, Defendant stated to the Court that he believed that the government could have proven the essential elements of the charge against him beyond a reasonable doubt.  *Id* at 21-22. Judge Van Tatenhove found that the plea was knowing, voluntary, and intelligent, and therefore accepted the plea.  *Id*. at 23.

Judge Van Tatenhove conducted Defendant's sentencing on October 31, 2012.  D.E. 436. Judge Van Tatenhove accepted Defendant's plea agreement with no objection from Defendant or counsel.  *Id*. at 30.  During the sentencing, both the prosecution and defense counsel characterized Defendant as a "career offender."  *Id*. at 41, 49.  Judge Van Tatenhove, pursuant to the binding plea agreement, sentenced Defendant to 188 months incarceration followed by six years of supervised release.  *Id*. at 63-64; D.E. 442.

On September 13, 2013, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with an accompanying memorandum. D.E. 505.  Very liberally construed, Defendant asserts five grounds for relief:[1]

---

[1]  The Court notes that in Defendant's memorandum there is a sixth ground of relief entitled "Argument III: Ineffective Assistance of Counsel for Failing to File Direct Appeal as Movant Advised Him to Do."  D.E. 505-1 at 16.  The Court has reviewed this argument and found that Defendant's argument under this heading is duplicative of the argument in "Argument III: Ineffective Assistance of Counsel for Failing to File Direct Appeal as Movant

1.    Defendant unintelligently and unknowingly entered into a plea agreement with the United States government. D.E. 505-1 at 6.

2.    Ineffective assistance of counsel for incorrectly advising Defendant of the consequences of pleading guilty and improperly advised him to plead guilty. *Id.*;  D.E. 559 at 4.

3.    The District Court erred when it sentenced Defendant to enhancements that were not in the indictment or proven to a jury beyond a reasonable doubt.  D.E. 505-1 at 8.

4.    Ineffective assistance of counsel related to sentencing.  *Id.* at 10-13.

5.    Ineffective assistance of counsel for failing to file a direct appeal as Defendant advised him to do.  *Id.* at 8.

The Court conducted an evidentiary hearing on ground five on January 14, 2015.

## II.  DISCUSSION

### A.  Right to Collateral Attack

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  By contrast, to obtain habeas relief based on an alleged non-constitutional error, a defendant must

---

Advised Him to Do" that begins on page 13 of his memorandum.  Therefore both grounds are considered together as one ground for relief.

Additionally, in his memoranda, Defendant vaguely claims that his attorney failed to adequately investigate the case against him.  *See* D.E. 559 at 4.  However, these arguments are so vague that they cannot be meaningfully evaluated by the Court.

4

establish a "fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id*. at 488 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). As the § 2255 movant, a defendant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

Additionally, the Court recognizes that Defendant is proceeding pro se, or without the assistance of an attorney. Pro se motions receive a comparatively lenient construction by the Court. *Castro v. United States*, 540 U.S. 375, 381-83 (2003); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

## B. Waiver

Numbered paragraph six of Defendant's plea agreement states "[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." D.E. 435 at 3. A defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). A defendant's knowing and voluntary waiver of his right to pursue collateral relief in a plea agreement will preclude his ability to file a subsequent § 2255 motion. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). In order for a waiver of collateral attack rights to be valid, the defendant must "enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila*, 258 F.3d at 451. Federal Rule of Criminal Procedure 11(b)(1)(N) requires the District Court to "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence." Compliance with Rule

5

11(b)(1)(N) is sufficient to show that the defendant entered into the waiver agreement knowingly, intelligently and voluntarily. *See United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006).

A Defendant is not barred, however, from bringing a collateral attack that concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d at 422.   In his § 2255 motion and reply brief, Defendant asserts that he entered into the plea agreement unintelligently and unknowingly.  D.E. 505-1 at 6; D.E. 559 at 3.  Moreover, Defendant also alleges ineffective assistance of counsel for incorrectly advising him of the consequences of the guilty plea.  D.E. 505-1 at 6.  According to Defendant, had he been provided with a "reasonable attorney he would of proceeded to trial and would of never received critically incorrect legal advise [sic]."  *Id.*  Therefore, if the plea agreement was invalid or the result of ineffective assistance of counsel, the waiver provision would not bar Defendant's § 2255 motion.  The Defendant has failed, however, to provide any factual basis to support either of these attacks upon the validity of the guilty plea or the waiver contained therein.   "A collateral attack will be unavailing where a defendant does not articulate the basis for his or her challenge to the validity of a guilty plea and it is demonstrated that the waiver is knowing and voluntary."  *United States v. Eversole*, No. 6:05-CR-34-DCR, 2010 WL 420067, *2 n.3 (E.D.Ky Feb. 1, 2010) (citing *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006); *Davilla*, 258 F.3d at 451).  The Court, however, will evaluate each claim of invalidity separately based upon the record.

### 1. Defendant Knowingly and Voluntarily Waived His Right to Collaterally Attack his Guilty Plea, Conviction, and Sentence

For a waiver of collateral attack rights to be valid, the defendant must "enter into the waiver agreement knowingly, intelligently, and voluntarily."  *Davilla*, 258 F.3d at 451.  Judge Van Tatenhove reviewed the waiver provision with Defendant at his rearraignment:

THE COURT:                    The other thing in your plea agreement that I want to focus on is found at paragraph 6, and let me just touch on that.  I'm just going to read it.  It says you waive your right to appeal and right to attack collaterally your guilty plea, conviction and sentence, including any order of restitution.

Now, Mr. Terry, one of the protections that you have is that what happens in this court, you can get another court to take a second look at it.  It takes three judges to do that.  And you can see how that's a protection for you.  You know, if I could make a mistake, you could get somebody to take a look at it.  You can give up that right.  You can in essence agree that you'll not ask another court to take a look at what takes place in this court.  We call that waiving your appeal rights.   Do you recall talking about that paragraph with Mr. Kirtley?

THE DEFENDANT:                Yes, sir.

THE COURT:                    Okay.  Did he explain to you the consequence of waiving those appeal rights?

THE DEFENDANT:                Yes, sir.

THE COURT:                    Okay.  Well, based on what you've said to me, Mr. Terry, and the representations of your lawyer, I do find that the waiver of your appeal rights as set forth in paragraph six of the plea agreement is knowing, it's voluntary, and I

7

> think you understand the consequence of waiving those
> appeal rights.

D.E. 544 at 19-20.

The Assistant United States Attorney also summarized the waiver provision by stating "[i]n paragraph 6 the [D]efendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." *Id*. at 12. Defendant acknowledged that the prosecutor's description of the agreement was consistent with his understanding of his agreement with the government. *Id*. at 13. Moreover, Defendant stated he had time to read through the agreement, understood all of the provisions, and that he had not been coerced or threatened into signing the plea agreement. *Id*. at 10. Finally at the end of the hearing, Defendant acknowledged that he understood everything that had occurred at the hearing and had no questions about the proceedings. *Id*. at 24.

Nothing in the record, beyond Defendant's bare assertions, suggests that Defendant did not understand the terms of his plea agreement or that he entered into it involuntarily. *See Sharp*, 442 F.3d at 951-952 (finding a valid waiver when Defendant testified he had read and understood the agreement, had discussed it with counsel, and the prosecutor had read the agreement in open court); *Hardin v. United States*, No. 13-5835, 2014 WL 6871588, at *1-2 (6th Cir. 2014) (finding a valid waiver when Defendant acknowledged he understood the terms of the plea agreement, had discussed his agreement with his attorney, agreed with the prosecutor's description of the agreement, and did not indicate any confusion about the meaning of collateral attack); *United States v. Pettway*, No. 03-1034, 99 F. App'x 731, 733-34 (6th Cir. 2004) (finding a valid waiver when the prosecutor noted the waiver provision, defense counsel explained the agreement to Defendant, and Defendant did not indicate any confusion as to the provision).

Here, the prosecutor accurately read the provisions (including the waiver provision) of the agreement, and Defendant acknowledged that that description was an accurate representation of the agreement.  D.E. 544 at 11-13.  Defendant confirmed that he had spoken with his attorney regarding the waiver paragraph and, throughout the hearing, did not express any confusion regarding any provision of the plea agreement.  *Id*. at 20.  Further, defense counsel indicated that he and Defendant met on several occasions and discussed the parameters of the plea agreement.  D.E. 554-1 at 3-6.  According to defense counsel, Defendant specifically requested a binding plea agreement because it ensured he would receive a sentence on the low end of his Guidelines Range.  *Id*. at 4.  Judge Van Tatenhove found that Defendant was competent and not under the influence of drugs or alcohol and, finally, Defendant confirmed that he had signed the agreement under his own free will.  *Id*. at 5-8, 10.

Based on the record, and because there is no evidence presented by Defendant to the contrary, Defendant entered into the plea agreement knowingly, intelligently, and voluntarily.

### 2.  Ineffective Assistance of Counsel During Plea Negotiations

As a second basis for challenging the validity of the plea agreement, including the waiver provision contained therein, Defendant alleges ineffective assistance of counsel during plea negotiations.  Specifically, Defendant alleges that "counsel incorrectly advised Movant of the consequences of the guilty plea and improperly advised him to plead guilty.  Had [Defendant] been provided with a reasonable attorney [Defendant] would of proceeded to trial."  D.E. 505-1 at 6.  To successfully assert an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence).  In order to prove deficient

performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688.  However, a defendant is not permitted to second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002).  Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.  In the context of plea agreements, in order to prove prejudice "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  This analysis often requires an assessment of success at trial in the absence

of counsel's errors, such as whether an un-pursued affirmative defense would have been successful or whether uninvestigated evidence would have likely changed the outcome. *Id.* When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Courts may approach the Strickland analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

Here, Defendant's claim is not supported by any specific allegation as to how defense counsel was purportedly constitutionally deficient. "A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations." *Aguirre v. United States*, No. 2:06-CR-76, 2012 WL 3191958, *6 (E.D. Tenn. Aug. 2, 2012) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962); *Short v. United States*, 504 F.2d 63 (6th Cir. 1974)). "When a petitioner files a § 2255 motion, he must set forth facts entitling him to relief." *Id.* (citing *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961)). Without specific information as to how counsel was allegedly constitutionally deficient, the standard of deference to counsel found in *Strickland* controls. That standard is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Defendant has failed to overcome that presumption because he has not alleged any specific facts that indicate that counsel was deficient during plea negotiations. This claim fails.

Because Defendant knowingly, intelligently, and voluntarily entered into the plea agreement and has not established that he entered into the agreement due to ineffective assistance of counsel, the waiver provision is enforceable. *See United States v. Toth*, 668 F.3d 374, 377-378 (6th Cir. 2012) (discussing enforceability of waiver of appeal rights). Defendant waived his

11

right to collaterally attack "his guilty plea, conviction, and sentence, including any order of restitution." D.E. 435 at 3. Ground Four is fairly construed as a collateral attack on Defendant's sentence. Therefore, this claim is foreclosed by Defendant's waiver. *See Davila v. United States*, 258 F.3d 448, 452 (6th Cir. 2001) ("When a Defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring [sic] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."). Similarly, Defendant's claims in Grounds Three and Five, that the Court erred during sentencing and that counsel failed to file an appeal as instructed, are barred by his waiver of collateral rights. Even if Defendant's claims were not waived, they would fail for the reasons set forth below.

### C. Grounds Three and Five

Defendant's claim that the District Court erred when it sentenced Defendant to enhancements that were not in the indictment or proven to a jury beyond a reasonable doubt, in addition to being foreclosed by the waiver, is procedurally defaulted. A federal prisoner's failure to raise a claim on direct appeal, excepting claims of ineffective assistance of counsel, results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). A procedurally defaulted claim may nonetheless be reviewed if the prisoner can show cause to excuse his failure to raise the claim on direct appeal and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700. If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced. *Bousley*, 523 U.S. at 623. Ground Three is not an ineffective assistance of counsel claim. It is a claim which could have been raised in a timely direct appeal, and thus is subject to procedural default. However, in Ground Five, Defendant asserts that counsel provided ineffective assistance by failing to file an appeal on his behalf as instructed. D.E. 505-1 at 10. Defendant claims that he "advised his Attorney [sic] that he wanted to file a

12

direct appeal and contest his sentence." *Id.*  Kirtley, by affidavit, swears that no instruction or request to appeal was ever made.  D.E. 554-1 at 2-3.  A defendant has 14 days from the filing of the judgment to file a notice of appeal in the District Court to appeal his case to the Court of Appeals for the Sixth Circuit.  Fed. R. App. P 4(b)(1)(A)(i).

If Defendant can prove his allegations, counsel's inaction could constitute ineffective assistance, which is sufficient to show "cause."  *See Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993) (finding allegations by pro se litigant that he asked counsel to appeal "bear directly on the issue of cause and prejudice" and must be "construed liberally"); *see Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  In fact, in that context prejudice is **presumed**.  *See Roe*, 528 U.S. at 483; *Ludwig*, 162 F.3d at 459 ("[F]ailure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.").  Therefore it follows that, Defendant's factual allegation supporting Ground Five, if true, may satisfy the cause and prejudice exception, thus excusing the procedural default with respect to Ground Three.  *See Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013); *Ratliff*, 999 F.3d at 1026.  If, on the other hand, counsel was not instructed to file an appeal, the purported failure to appeal will disappear as a basis for relief and also will preclude review of the procedurally defaulted theory in Ground Three.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims."  *Huff*, 734 F.3d at 607 (citations and internal quotation marks omitted).  To resolve this factual dispute, the Court conducted an evidentiary hearing on January 14, 2015.  D.E. 596.  Both Defendant and defense counsel testified at the hearing.  Defendant testified that he discussed an appeal with defense

13

counsel three times at his sentencing hearing. *Evidentiary Hearing on § 2255 Motion, January 15, 2015, Testimony of Josh Terry* (hereinafter, "*Terry Testimony*"), 17:05-17.   According to Defendant, the first discussion occurred in the holding cell before sentencing began and the other two occurred during the proceeding itself. *Id.* at 17:18-18:36. Defendant testified that during the first two discussions, defense counsel told him they "would discuss [appealing] later." *Id.* According to Defendant, during the third discussion he "told [defense counsel] 'I want to file an appeal' and [defense counsel] said he would contact me later." *Id.* at 18:23-36.   After sentencing, Defendant received some paperwork regarding his judgment, but did not hear from defense counsel about an appeal again. *Id.* at 19:38-50. On cross-examination, Defendant acknowledged that he knew how to get in touch with defense counsel. *Id.* at 21:10-23.   Further, he testified that he remembered Judge Van Tatenhove describing to him that he was waiving his appeal rights. *Id.* at 21:27-22:31.  Finally, Defendant testified that he did not attempt to contact defense counsel regarding his appeal after sentencing. *Id.* at 25:40-58.

Defense counsel testified that, before rearraignment, he explained to Defendant, in detail, the waiver of appeal rights in the plea agreement. *Evidentiary Hearing on § 2255 Motion, January 15, 2015, Testimony of Harold Kirtley*   (hereinafter, "*Kirtley Testimony*"), 30:56-31:02. According to defense counsel, Defendant did not, at any point, instruct him to file an appeal. *Id.* at  32:04-17. Kirtley testified that Defendant "never expressed a desire to file an appeal." *Id*. at 33:18-22.  After sentencing, defense counsel had no contact with Defendant, however over the course of the representation he would receive phone messages from Defendant. *Id*. at 34:22-28, 34:34-35:13.  Finally, defense counsel testified that if a client advised him to appeal, even if there was a binding plea agreement that waived all of their appellate rights, he would do so. *Id*.

at 35:15-25.  Kirtley reiterated that Defendant never instructed him to file a notice of appeal.  *Id.* at 35:54-58.

Based on the briefing and the evidence presented at the evidentiary hearing, Defendant has not established that he instructed Mr. Kirtley to file an appeal.  His testimony that he instructed Mr. Kirtley to file an appeal is not credible for several reasons.  First, Defendant alleges that he instructed defense counsel to appeal during his sentencing while another Defendant was being sentenced by Judge Van Tatenhove.  *Terry Testimony* at 18:23-36.  Defendant acknowledged, however, that Judge Van Tatenhove told him at rearraignment that he did not have the right to appeal and that he understood that.  *Id.* at 21:27-22:31; D.E. 544 at 19-20 (Judge Van Tatenhove reviewing the waiver provision with Defendant and Defendant indicating he understood).  Moreover, defense counsel testified that he went over the plea agreement with Defendant for an extended period of time, including a full explanation of the appellate waiver provision.  *Kirtley Testimony* at 30:56-31:02.  It is not believable that Defendant, with full knowledge and understanding that he had waived his appellate rights, would direct his attorney to file an appeal immediately after the plea agreement was accepted.

Second, as Defendant admitted, he made no attempt to contact defense counsel about his appeal after he was sentenced on October 31, 2012.  Defendant was informed of his appellate rights at sentencing, and stated that he understood those rights.  D.E. 545 at 67-68.  Moreover, Defendant and his attorney read and signed the "Court's Advice of Right to Appeal," which indicated that the "notice of appeal must be filed within fourteen (14) days from the date of entry of this judgment."  D.E. 434.  Defendant testified that he received his judgment.  *Terry Testimony* at 19:38-50.  If Defendant had informed defense counsel to file an appeal, he presumably would have made an effort to contact defense counsel at some point thereafter

15

regarding the status of that appeal.  Defendant knew how to contact defense counsel, and had done so multiple times in the past.  Moreover, given that he understood when the appeal must be filed, it is illogical to believe that Defendant would not have inquired of defense counsel about the status of his desired appeal.

Finally, given that Harold Kirtley is an experienced and capable counsel, the Court does not believe that Defendant instructed him to file an appeal but Kirtley failed to do so.  Kirtley testified that any time a client directs him to file an appeal, whether or not they have waived their appellate rights, he always files a notice of appeal.  *Kirtley Testimony* at 35:15-25.

Based on the record and the evidence that was presented at the evidentiary hearing, Defendant has not met his burden to establish that he instructed Mr. Kirtley to file an appeal. Thus, he has not established cause for his failure to raise his Ground Three on direct appeal and his claim in Ground Five fails on the merits.

Even without cause and prejudice, Defendant may avoid procedural default of Ground Three if he can show that reviewing his claims would prevent a fundamental miscarriage of justice, such as a constitutional violation that has probably resulted in a conviction of one who is actually innocent.  *Bousley*, 523 U.S. at 622–23.  However, Defendant has not asserted that he is actually innocent of the crime for which he was convicted, let alone provided any new evidence to establish his innocence, nor has he shown that reviewing his claim would prevent some other fundamental miscarriage of justice.

### D.  Ground Four: Ineffective Assistance of Counsel Related to Sentencing

Defendant's remaining claims are for ineffective assistance of counsel related to sentencing.  D.E. 505-1 at 10.  Defendant alleges that defense counsel was ineffective in three ways.  First, he claims that counsel was ineffective for failing to raise the argument that his "recidivist enhancement should have been charged in the indictment and proved to a jury beyond

16

a reasonable doubt." D.E. 505-1 at 11. Second, Defendant alleges that counsel was ineffective for failing to "conest [sic] his prior criminal history or file a 'Coram Nobris.'" *Id.* at 7. Finally, Defendant argues that counsel was ineffective for failing to advise Defendant of his enhancement pursuant to 21 U.S.C. § 851 until sentencing. As previously analyzed, these claims are barred because Defendant knowingly, intelligently, and voluntarily entered into a plea agreement that waived his right to collaterally attack his guilty plea, conviction, and sentence. Even if not waived, these claims fail on their merits.

Defendant's first claim for ineffective assistance of counsel related to sentencing asserts that defense counsel was ineffective for failing to raise any motion or argument "moving this honroable [sic] court to see that Movant was not entitled to be sentenced under § 851, because any fact that by law increases the penalty for a crime is an element that must be submitted to a jury and found beyond reasonable doubt." *Id.* at 10. The argument is based on the United States Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Defendant asserts that a prior conviction that serves as a sentence enhancement is an essential element of the crime that must be proven to the jury. *Id.* at 505-1 at 10. According to Defendant, *Alleyne* held that any fact that triggers a mandatory minimum or maximum sentence is an element of the crime and must be proven to the jury beyond a reasonable doubt. D.E. 559 at 3-4. Therefore, Defendant alleges counsel was ineffective because counsel did not argue that Defendant's Sixth Amendment rights had been violated because his prior conviction and enhancement were not charged as parts of the essential elements of the crime, either in the indictment or his plea agreement.

Defendant cannot establish deficient performance. *See Strickland*, 466 U.S. at 688. The Sixth Amendment guarantees the accused a right to a "speedy and public trial, by an impartial

17

jury...."  U.S. CONST. amend. VI.   Together with due process, this right requires criminal convictions be based upon "a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."  *United States v Gaudin*, 515 U.S. 506, 509-510 (1995).  "Generally, the district court exercises discretion in sentencing a defendant."  *United States v. Martin*, 526 F.3d 926, 942 (6th Cir. 2008) (citing *Booker v. United States*, 543 U.S. 220, 233 (2005)).  However, "**[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.**"  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added).  A district court may find, based on a preponderance of the evidence, the fact of a prior conviction.  *Alendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).  The decision in *Alleyne*, which Defendant extensively relies on, served to overrule *Harris v. United States*, 536 U.S. 545 (2002), by expressly finding that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."  *Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013).  Therefore, any fact, other than a prior conviction, that increases the mandatory minimum or statutory maximum sentence are essential elements and must be submitted to the jury and found beyond a reasonable doubt.

Defendant's reliance on this line of cases is misplaced.  Defendant asserts that his prior conviction is an essential element that must be proven to a jury beyond a reasonable doubt.  However, *Almendarez-Torres* specifically held otherwise and has been affirmed in *Apprendi* and *Booker v. United States*, 543 U.S. 220 (2005).  *See Apprendi*, 530 U.S. at 490; *Booker v. United States*, 543 U.S. 220, 244 (2005).  Moreover, as the Supreme Court specifically noted, the decision in *Alleyne* did not disturb the *Almendarez-Torres* prior conviction exception.  *Alleyne*,

133 S. Ct at 2160 n.1 ("In *Almendarez-Torres*, we recognized a narrow exception to this general rule for the fact of a prior conviction.  Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

Defendant's argument therefore has no legal merit.  "[C]ounsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance."  *Lyons v. Caruso*, 202 F.3d 269, at *3 (6th Cir. 1999) (Table).  Thus, it was not deficient performance for counsel to elect to not raise a futile argument that the enhancement should not apply because it was an essential element included in the plea agreement.  Moreover, even if deficient performance was established, Defendant cannot prove that the argument would have been successful and therefore cannot establish prejudice.  This claim fails.

Defendant's next claim of ineffective assistance of counsel is that defense counsel failed to contest Defendant's prior criminal history or file a coram nobis even though Defendant instructed him to do so.  D.E. 505-1 at 11.  However, in his original § 2255 motion and his reply brief, Defendant does not assert any factual basis for these claims.  *See* 505-1 at 11; D.E. 559 at 4.  To the extent Defendant claims ineffective assistance of counsel for failure to contest his criminal history, he cannot establish deficient performance or prejudice.  Again, "[a] motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations."  *Aguirre v. United States*, No. 2:06-CR-76, 2012 WL 3191958, *6 (E.D. Tenn. Aug. 2, 2012) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962); *Short v. United States*, 504 F.2d 63 (6th Cir. 1974)).  Defendant has not identified any challenges to his criminal history that defense counsel purportedly should have raised.  Without specific information as to how counsel was allegedly constitutionally deficient, Defendant has failed to overcome the *Strickland* presumption that counsel's conduct falls within

a wide range of reasonable assistance.  *Strickland*, 466 U.S. at 689.  Moreover, without any factual support, Defendant has also failed to establish that a challenge to his criminal history would have been successful.  Thus, he has failed to establish prejudice.

Similarly, Defendant's claim that counsel failed to file a writ of error coram nobis is not supported by any factual allegations.  Defendant has not identified a basis upon which defense counsel should have filed for coram nobis relief, however, the record indicates that a writ of error coram nobis would not have been meritorious.  A writ of error coram nobis is an "extraordinary" power, only to be used to review errors "of the most fundamental character."  *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001).  One of the prerequisites of coram nobis relief is that the petitioner must not be in custody.  *See Id.* ("A prisoner in custody is barred from seeking a writ of error coram nobis.").  At all times since his arraignment on the indictment, Defendant has been in custody.  Therefore, even if Defendant had instructed counsel to file a writ of error coram nobis, it would have been frivolous and thus deficient performance is not established.  Similarly, because it would not have been meritorious, Defendant also cannot establish prejudice.  This claim fails.

Defendant's third and final claim for ineffective assistance is for failing to advise Defendant of "his § 851 enhancement until Oct. 31 2012 at sentencing."  D.E. 505-1 at 11.  Defendant is correct in his assertion that defense counsel has a duty to keep Defendant informed of important developments in the course of the prosecution.  *See Strickland*, 466 U.S. at 688.  Defendant's claim, however, is foreclosed by the record because he was appropriately made aware of the enhancement during his rearraignment.  The plea agreement, which Defendant signed and testified that he read and understood, contained language describing the § 851 enhancement.  See D.E. 435 at 2.  Finally, the prosecutor specifically described the enhancement

referenced in the plea agreement during rearraignment and Defendant acknowledged that the prosecutor accurately described the agreement.  D.E. 544 at 11-13.  Therefore, based on the record, Defendant's allegation that he was not informed of the § 851 enhancement is false.

### III.  CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).  For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, a movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court has considered the issuance of a Certificate of Appealability as to each and every claim presented by Defendant.  However, no reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.  Moreover, many of Defendant's claims are procedurally barred, but no jurist of reason would find that the question of whether the motion states a valid claim of the denial of a constitutional

right is debatable.  Nor would any jurist of reason find the correctness of the procedural rulings above to be debatable.

## IV.  RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Defendant's motion (D.E. 505) for 28 U.S.C. § 2255 relief.   The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability as to all claims.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of March, 2015.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge