UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | 6:11-cr-36-GFVT-HAI-9 |
| Plaintiff/Respondent,     ) | 6:13-cv-7308-GFVT-HAI |
| ) | |
| V.     ) | |
| ) | **MEMORANDUM OPINION** |
| JOSH TERRY,     ) | **&** |
| ) | **ORDER** |
| Defendant/Movant.     ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Movant Josh Terry's *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 505.] Consistent with local practice, this matter was referred to Magistrate Judge Hanly A. Ingram, who filed a Recommended Disposition recommending that Terry's motion be denied. [R. 598.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Terry filed timely objections to the Recommended Disposition. [R. 605; *see also* R. 604.] Many of his objections lack clarity and are not sufficiently specific under the above criteria. However, the Court acknowledges its duty to review Terry's filings under a more lenient standard than the one applied to attorneys, because Terry is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, some of the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Terry's objections will be **OVERRULED**.

I

Judge Ingram's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions the below key facts to frame its discussion and analysis, but, overall, chooses to incorporate Judge Ingram's discussion of the record into this Order.

Mr. Josh Terry was indicted, along with fourteen co-defendants, for conspiring to distribute oxycodone in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. § 846. Per a notice filed pursuant to 21 U.S.C. § 851, Terry faced an enhanced penalty of no more than thirty years of imprisonment, a $2,000,000.00 fine, and at least six years of supervised release. *See* 21 U.S.C. § 841(b)(1)(C); [R. 279.] After Terry filed a motion for rearraignment, the undersigned held a rearraignment proceeding with Terry on July 12, 2012. At this proceeding, Terry indicated his desire to enter into a binding plea agreement with a sentence of 188 months. Terry also indicated he understood that he was waiving his appeal rights. Subsequently, on October 31, 2012, the

undersigned conducted Terry's sentencing proceeding, at which the binding plea agreement was accepted without objection and Terry was sentenced to a 188 month term of incarceration.

On September 13, 2013, Terry filed the instant motion for § 2255 relief. [R. 505.] As Judge Ingram explained in the Recommended Disposition, Terry's motion asserts essentially five grounds for relief: (1) Terry argues he unintelligently and unknowingly entered into the plea agreement; (2) ineffective assistance of counsel regarding Terry's entry into the plea agreement; (3) error on behalf of the District Court when it sentenced Terry to certain enhancements; (4) ineffective assistance of counsel surrounding sentencing; and (5) ineffective assistance of counsel for failing to file a direct appeal at Terry's request. Judge Ingram held an evidentiary hearing on the fifth ground on January 14, 2015, which is discussed at length in the Recommended Disposition.

## II

Liberally construing Terry's objections to Judge Ingram's Recommended Disposition, the Court finds four objections which may be considered specific. *See* U.S.C. § 636(b)(1)(c); *Mira*, 806 F.2d at 637. First, Terry cites to an October 14, 2014, Department of Justice memorandum, which asks federal prosecutors to forego seeking a waiver of claims for ineffective assistance of counsel in proposed plea agreements. [R. 605 at 2-3.] Terry appears to believe that the Department of Justice policy statement has an impact on his § 2255 case and somehow nullifies the Magistrate's recommendations regarding his ineffective assistance of counsel claims. Terry misunderstands the nature of both the Department of Justice memorandum and the Recommended Disposition. To begin, the plea agreement entered into by Terry states that, by entering the agreement, Terry waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." [R. 435 at ¶ 6.] This

3

language does not explicitly preserve Terry's right to bring ineffective assistance of counsel claims; however, the Magistrate's Recommended Disposition is not in conflict with the Department of Justice policy statement, which, in any event, is not binding on judges but instead serves as a guide for federal prosecutors. Judge Ingram appropriately considered the merits of Terry's ineffective assistance of counsel claims, investigating the extent to which defense counsel's representation may have affected the validity of the plea agreement. [R. 598 at 9-12.] The Department of Justice memorandum cited in Terry's objections does not affect the Court's resolution of his habeas petition, and, thus, that objection should be overruled.

Next, Terry notes his objection to the Magistrate's analysis of his ineffective assistance of counsel during plea negotiations claim, expressing a desire to rely on a pair of "new" Supreme Court cases regarding ineffective assistance of counsel, *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Terry explains these two cases "established the precedent that the Sixth Amendment right to counsel applies at the 'critical stage' of plea negotiations." [R. 605 at 8.] A defendant's Sixth Amendment right to counsel does, in fact, extend to the plea-bargaining process. *See Frye*, 132 S. Ct. at 1386-87; *Lafler*, 132 S. Ct. at 1384. However, Terry's objection is not well taken because Judge Ingram clearly recognized this right and considered whether Terry's rights at the plea bargaining stage of the case were abridged in any way. [R. 598 at 9-12.] Judge Ingram ultimately concluded that Terry had not presented sufficient facts to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." [*Id.* at 11 (quoting *Strickland v. Washington*, 466 U.S. 668, 698 (1984).] Ultimately, the Recommended Disposition is not inconsistent with *Missouri v. Frye* or *Lafler v. Cooper*; therefore, this objection is properly overruled.

4

Third, Terry states additional facts about the plea negotiations, in an attempt to provide a stronger factual basis for his ineffective assistance of counsel claim.[1] Judge Ingram noted that Terry had not specifically alleged how his defense counsel was constitutionally deficient during plea negotiations and explained that "[w]hen a petitioner files a § 2255 motion, he must *set forth facts* entitling him to relief." [R. 598 at 11 (emphasis added).] In his objections, Terry states: "During plea negotiations, the Defendant was impaired with perceived threats to his dad (Donald W. Terry) and his disabled-wife." [*See* R. 605 at 8.] While this factual basis is more than existed before, it is still insufficient to make out a successful ineffective assistance of counsel claim. Terry's "perceived threats" were not mentioned in Terry's original motion. [R. 505-1.] Terry did not discuss any threats or other pressures with the Court during the plea colloquy at rearraignment, even when specifically asked by the Court whether he was pleading guilty under his own free will. [*See* R. 544 at 10.] Finally, Terry does not explain how the perceived threats affected either his counsel's representation or his own decision to enter into the binding plea agreement. This one fact, without further support or explanation, is insufficient to prove ineffective assistance of counsel or that his plea was entered into involuntarily.

Last, Terry argues he was denied effective assistance of counsel because his lawyer had a conflict of interest. [R. 605 at 13-15 (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980).] Terry, however, has not proven such a conflict of interest actually existed. Included in his objections to the Recommended Disposition are excerpts from the sentencing transcript, wherein both parties' counsel addresses when Terry was first taken into federal custody. [*Id.* at 14.] These excerpts do not establish or even hint of a conflict of interest on the part of Terry's attorney. Terry then

---

[1] Terry brings this objection under the heading "II. The Defendant objects to ineffective assistance of counsel ("IAD") during plea negotiations." [R. 605 at 7-8.] The objection seems to more properly relate to the validity of the plea agreement, so the Court considers both.

5

provides an account of information about what his counsel supposedly knew of Terry's previous state drug court violation. [*Id.* at 15.] Nothing in that account, or in Terry's objections on the whole, establishes the existence of a conflict of interest. Further, this assertion is less of an objection to the Magistrate's recommendation and more of a new claim for relief altogether. "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler*, 446 U.S. at 350 (citing *Glasser v. United States*, 315 U.S. 60, 72-75 (1942)). The record does indicate defense counsel suffered from conflicting interests when he represented Terry; accordingly, this objection is also properly overruled.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's analysis of Terry's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's

Recommendation, is not debatable enough to issue a certificate of appealability.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

      1.      Defendant/Movant Terry's objections to the Recommended Disposition [R. 605] are **OVERRULED**;

      2.      The Magistrate Judge's Recommended Disposition [R. 598] is **ADOPTED** as and for the opinion of this Court;

      3.      The Defendant's § 2255 Petition [R. 505] is **DISMISSED WITH PREJUDICE**;

      4.      A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

      5.      **JUDGMENT** in favor of the Respondent will be entered contemporaneously herewith.

This the 15th day of March, 2016.

Gregory F. Van Tatenhove
United States District Judge