UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSH TERRY,<br><br>    Defendant. | Crim. No. 6:11-cr-0036-GFVT-HAI-9<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Terry's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 705.] For the reasons that follow, Mr. Terry's Motion [R. 705] is **DENIED**.

**I**

Following his guilty plea, Defendant Terry was convicted of one count of conspiring to distribute oxycodone. [R. 442.] On November 7, 2012, he was sentenced to 188 months of incarceration followed by 6 years of supervised release. *Id.* Defendant Terry has served approximately 12 years and 10 months of his sentence (a little over 80%). He now moves for compassionate release, citing both Covid-19 and purported changes in the law. [R. 705.]

**II**

**A**

First, the Court addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat.

5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

Mr. Terry submitted a request for compassionate release to the Warden at USP Canaan on January 5, 2024. [R. 705-3 at 2.] The Warden denied his request on January 25, 2024. *Id.* at 6. In his denial, the Warden suggested that Mr. Terry "petition [his] sentencing court directly" if unsatisfied with the Warden's response. *Id.* The United States agrees with Mr. Terry that he has exhausted his administrative remedies. [R. 706.]

**B**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). At the Court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. On November 1, 2023, the Sentencing Commission policy statements were updated to apply to prisoner filed motions. As such, district courts analyzing motions filed by prisoners after November 1, 2023, consider U.S.S.G. § 1B1.13 in their analysis. *United States v. Whitworth*, No. 1:23-cr-561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023) ("A new United States Sentencing Commission policy statement now applies to 18 U.S.C. §

2

3582(c)(1)(A) motions brought by inmates after November 1, 2023."); *United States v. Harris*, No. 23-5187, 2023 WL 10294625, at *2 (6th Cir. Dec. 4, 2023) (considering the updated policy statements). Accordingly, the Court considers the updated policy statements in its analysis.

1

First, Mr. Terry asserts, without explanation, that the conditions created by the pandemic have rendered his incarceration more punitive than necessary. [R. 705-1 at 2–3.] This conclusory declaration is not extraordinary and compelling.

There are currently zero cases of Covid-19 at USP Canaan, where Mr. Terry is incarcerated. *See Inmate Covid-19 Data,* Fed. Bureau of Prisons (May 30, 2024), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp. Terry does not contend that he has a heightened risk of contracting or experiencing complications from the Covid-19 virus. [*See* R. 705.] And there is presently no public health emergency declaration relating to Covid-19. *See End of the Federal Covid-19 Public Health Emergency (PHE) Declaration*, CDC (Sept. 12, 2023), https://archive.cdc.gov/#/details?url=https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html.

In any event, the Sixth Circuit has joined other federal circuit courts of appeal in recognizing that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). Even assuming Terry is burdened by Covid-19 related precautions, all inmates at USP Canaan (and most other federal correctional institutions, for that matter) are similarly affected. Moreover, to the extent institutional precautions cause distress to inmates, that stress would be common to

many if not most inmates. Accordingly, Mr. Terry's concerns over the pandemic do not merit early release. *See Lemons*, 15 F.4th at 751 ("After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.").

**2**

Next, Terry contends that, if he were sentenced today, he would no longer qualify for certain sentencing enhancements. [R. 705-1 at 3–5.] As a consequence, he avers that he has been ordered to serve an "unusually long sentence." *See* U.S.S.G. § 1B1.13(b)(6). Updated policy statements from the Sentencing Commission address unusually long sentences in the context of compassionate release:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

As a threshold issue, the weight of § 1B1.13(b)(6) is somewhat unclear. Here's why: in 2022, the Sixth Circuit determined that "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2506 (2023). Then, in 2023, the Sentencing Commission updated § 1B1.13(b) to include "unusually long sentence[s]" as a basis for relief. § 1B1.13(b)(6) leaves open the possibility that non-retroactive changes in the law could support a court's decision to grant compassionate release. As a result, "[t]here is currently a debate among jurists as to whether the Sentencing Commission exceeded its authority by adopting § 1B1.13(b)(6) and whether such an

4

amendment supersedes binding prior case law." *United States v. Sanders*, No. 5:14-CR-7-3, 2024 WL 1530946, at *3 (N.D. Ohio Apr. 9, 2024); *see United States v. Maxie*, No. 5:14-CR-4-BJB-2, 2024 WL 2046048, at *4 n.4 (W.D. Ky. May 8, 2024) ("At least one district judge in this circuit [] concluded that this aspect of the Commission's policy statement is nullified by binding circuit precedent[.]" (citing *United States v. Wilson*, No. 1:92-cr-138, 2024 WL 1556313, at *8 (N.D. Ohio April 10, 2024))); *United States v. McHenry*, No. 1:93 CR 84, 2024 WL 1363448, at *7 (N.D. Ohio Mar. 29, 2024) ("Because the Commission's inclusion of non-retroactive changes in the law conflicts with the *McCall* holding, this Court is required to treat the agency's interpretation as invalid."); *but see United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *6 (S.D. Ohio Feb. 2, 2024) ("[*McCall*] explicitly left open the possibility that the Commission might promulgate a contradictory policy statement.  Now, Congress's unambiguous directive explicitly instructs courts to ensure that their reduction analysis complies with § 1B1.13."); *United States v. Bricker*, No. 1:05 CR 113, 2024 WL 934858, at *2 (N.D. Ohio Mar. 5, 2024) ("The Government has urged this Court to disregard the Sentencing Commission's Guideline and to follow *McCall*, but this Court is not inclined to do so. . . . *McCall* was issued in the absence of an applicable policy statement, and explicitly left open the possibility that a provision such as § 1B1.13(b)(6) could abrogate its holding."); *see also United States v. Mann*, No. 6:04-031-DCR-1, 2024 WL 666324, at *4–5 (E.D. Ky. Feb. 16, 2024).

Although this issue "presents an interesting legal question, the Court will not attempt to resolve it [today.]" *United States v. Nelson*, No. 1:08-CR-068, 2024 WL 2050273, at *4 (S.D. Ohio May 8, 2024).  "[Mr. Terry] is not eligible for relief even assuming the policy statement in § 1B1.13(b)(6) is valid." *Id.*

5

a

Terry first contends that his two previous trafficking convictions no longer qualify as "controlled substance" offenses justifying the Career Offender Enhancement. *See* U.S.S.G. §§ 4B1.1, 4B1.2. That is not correct. Prior to his instant offense, Mr. Terry accumulated two drug trafficking convictions: trafficking in controlled substance second degree under Kentucky law and trafficking in controlled substance first degree under Kentucky law. *See* Presentence Investigation Report at 15. At sentencing, this Court determined that those convictions qualified as predicate controlled substance offenses warranting the application of the Enhancement.

Mr. Terry does not provide any authority contravening that determination. To the contrary, recent precedent cuts against him. In 2021, the Sixth Circuit held that a Kentucky conviction for trafficking in the second degree qualifies as a controlled substance offense within the meaning of the Career Offender Enhancement. *United States v. Jackson*, 995 F.3d 476, 482 (6th Cir. 2021); *see also United States v. Proctor*, No. 5:11-CR-30-TBR, 2021 WL 1992131, at *6 (W.D. Ky. May 18, 2021) (trafficking in controlled substance in the first degree qualifies as a predicate controlled substance offense for the purposes of the Career Offender Enhancement). Moreover, to the extent Terry seeks release based on purported changes to the Career Offender Enhancement prerequisites, his argument fails.[1]

---

[1] Although Terry does not raise the issue, the Court will briefly address the Career Offender Enhancement in the context of his offense of conviction: namely, conspiracy. In 2020, the Sixth Circuit held that conspiracy crimes are not "controlled substance offense[s]" for the purposes of the Enhancement. *United States v. Butler*, 812 F. App'x 311, 314–15 (6th Cir. 2020); *see also United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc); *Sanders*, 2024 WL 1530946, at *2 ("[Defendant], who was sentenced before the decisions in *Havis* and *Butler*, was deemed a career offender in part based on the instant drug conspiracy conviction, which would no longer qualify as a controlled substance offense under § 4B1.1."). But in 2023, "Amendment 822 to the Sentencing Guidelines changed the definition of 'controlled substance offense' to specifically include conspiracy crimes[.]" *United States v. Nelson*, No. 1:08-CR-068, 2024 WL 2050273, at *5 (S.D. Ohio May 8, 2024). Thus, although Terry's Enhancement may have been foreclosed by Sixth Circuit precedent previously, "conspiracy offenses [now] qualify as controlled substance offenses" within the meaning of the Enhancement. *Id.* Hence, Mr. Terry has not shown that the Career Offender Enhancement would be inapposite if he were sentenced today.

**b**

Second, Terry appears to argue that the First Step Act would now foreclose application of his 21 U.S.C. § 841(b)(1)(C) Enhancement. [R. 705-1 at 4.] *See United States v. Wiseman*, 932 F.3d 411, 416 (6th Cir. 2019) ("Under 21 U.S.C. § 841(b)(1)(C), the statutory maximum penalty increases from twenty to thirty years of imprisonment if the perpetrator has a prior conviction for a felony drug offense."). He states as much on the grounds that the First Step Act altered predicate convictions for certain sections of 21 U.S.C. § 841 by replacing the term "felony drug offense" with the term "serious drug felony." The significance of that fact eludes the Court. As the United States points out, "The First Step Act did not change the definition of 'felony drug offense' in 21 U.S.C. § 841(b)(1)(C)." [R. 706 at 4.] *See Wiseman*, 932 F.3d at 417 ("[T]he First Step Act did not alter the definition of 'felony drug offense[s]' that serve as qualifying convictions under 21 U.S.C. § 841(b)(1)(C)."); *see also id.* ("Because [Defendant] was convicted under 21 U.S.C. § 841(b)(1)(C), not § 841(b)(1)(A) or (B), the First Step Act's narrowing of qualifying convictions to serious drug felonies rather than felony drug offenses under those provisions would not impact him[.]"). And even if it had, the Sixth Circuit has concluded that "Kentucky's first-degree drug-trafficking qualifies as a 'serious drug felony' under the First Step Act." *United States v. Fox*, No. 20-6039, 2021 WL 3747190, at *4 (6th Cir. Aug. 25, 2021). Hence, despite the liberal construction afforded *pro se* litigants, this argument is a nonstarter. Because Terry has not cited any relevant changes in the law or explained why his sentence is "unusually long," the Court need not address the 18 U.S.C. § 3553(a) factors.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Mr. Terry's Motion for Compassionate Release **[R. 705]** is **DENIED.**

This the 3d day of June, 2024.

Gregory F. Van Tatenhove
United States District Judge